# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KEVIN BOWMAN, TDOC # 476680, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:15-cv-287-PLR-HBG |
| ) | |
| PAT HANKINS, Sheriff of Greene ) | |
| County, Tennessee, and JUDGE ) | |
| MATTHIS, Greene County Court, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Kevin Bowman, a state prisoner confined in the Morgan County Correctional Complex ("MCCX"), brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983. Plaintiff has filed a supplement to the complaint, an amendment to the complaint, and a motion for issuance of subpoenas which must be considered at the outset.

In the supplemental pleading, Plaintiff alleges that the MCCX authorities refuse to notarize his "3 law suets [sic]" and therefore are chargeable with "obstruction of justice" [Doc. 5 p.1]. Addressing only the allegations which involve the instant § 1983 case, since this is the only one before this Court, a prisoner's complaint which is signed under penalty of perjury, as was this pleading, is not required to be notarized [Doc. 2 p.6-7].

In the amended complaint, Plaintiff asks the Court to correct the name of the state judicial officer who is named as a defendant, explaining that his mother, who is one of his two

conservators,[1] has informed him that the name of the Greene County Court Judge who presided over his case is not Judge Matthis, as Plaintiff initially believed, but instead Judge "Dougger" [Doc. 6]. Therefore, Judge Matthis is **DISMISSED** from this lawsuit, and the Clerk **DIRECTED** to add Judge Dugger[2] as a defendant.

In Plaintiff's motion, he seeks issuance of subpoenas. However, until the Court performs the screening mandated by the federal pauper statutes to determine whether the pleading states a claim, names a defendant who is immune, or contains other fatal flaws, Plaintiff's motion for subpoenas is premature. Thus, the motion is **DENIED** [Doc. 7].

The Court turns now to Plaintiff's original filings, which consist of an *in forma pauperis* application and a complaint [Docs. 1, 2]. Based on the financial data supplied in Plaintiff's affidavit and inmate trust account statement, his application to proceed without prepayment of fees is **GRANTED** [Doc. 1]. Nevertheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of Plaintiff's inmate trust account at the MCCX shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account

---

[1] Plaintiff maintains that he has severe mental illness, autism, and post-traumatic stress disorder [Doc. 6 p.1]

[2] The Court has corrected Plaintiff's spelling of this judicial-officer Defendant's last name.

for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the MCCX and to Derrick D. Schofield, Tennessee Department of Correction Commissioner. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The named Defendants are Pat Hankins, Sheriff of Greene County, Tennessee, and Judge Dugger. In his complaint, Plaintiff alleges that six years ago, when he was 18 years old, he began to remember the sexual abuse he suffered as a child and, feeling the need to obtain justice and to exact vengeance for that abuse and being unable to control himself, he took two boys and a girl to the same exact area of the woods where his abuse had occurred and attempted to molest and rape the children. However, Plaintiff could not bring himself to do it, as his "heart & kindness & not able to penetrate [them] stoped [sic] it from happening" [Doc. 2 p.4]. Defendant

3

Sheriff Pat Hankins, who was then a detective, arrested Plaintiff and, thereafter, denied Plaintiff's repeated requests for a lawyer, telling him to "sit down" and giving Plaintiff the impression that he [Defendant Hankins] was not going to let Plaintiff leave until he talked about what had happened. Plaintiff explains that he only found out this year that Defendant Hankins' refusal to stop the questioning until Plaintiff had obtained counsel violated the right guaranteed to him by the Fifth Amendment.

Defendant Judge Dugger, who presided over Plaintiff's criminal case, rejected a mental health professional's evaluation of Plaintiff on the basis that her methods "made no sence [sic]" [*Id*. p.5]. Plaintiff concludes that, by refusing to credit the professional opinion of the mental health provider, Defendant Judge "played doctor" [*Id.*]. Moreover, Judge Dugger declined to review Plaintiff's past mental health paperwork dating back to the time that Plaintiff was 2 years old. Judge Dugger's conduct during the state court proceedings, according to Plaintiff, caused his hearing to be illegal and rendered the plea bargain Plaintiff "was tricked into taking invalid" [*Id.*].

For these alleged constitutional violations, Plaintiff seeks to have his charges expunged, to be transferred from the state prison to a Level 3 or Level 4 adult mental health group home system, and to be awarded twenty million dollars ($20,000,000.00) in damages [*Id*. p.6].

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

4

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The Court has examined Plaintiff's allegations under these guidelines and now finds that the allegations cannot proceed because, for the following reasons, they do not state viable § 1983 claims.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged constitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid," cannot be maintained unless the prisoner "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Here, Plaintiff has not established that his conviction has been reversed, expunged, declared invalid, or called into question by the appropriate state or federal executive or judicial officers. Were this Court to find that Plaintiff's right to counsel during his interrogation had been violated, that his guilty plea was invalid, or that his state judicial proceedings were

5

unconstitutional, that finding would call the validity of his outstanding criminal judgment into question.

Thus, Plaintiff has no constitutional tort suit under § 1983 at this time. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) ("[T]he court held that Heck's cause of action would not even accrue (i.e., an essential element of his claim would not be satisfied) until Heck's conviction were reversed or vacated on direct appeal or otherwise.") (citing *Heck*, 512 U.S. at 484-87); *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (finding that, where claims are barred under *Heck*, "no cause of action exists unless a conviction has been legally eliminated").

There is another flaw in this lawsuit in that Plaintiff has sued Judge Dugger for a large sum of money. A judicial officer, such as Judge Dugger, enjoys absolute immunity from lawsuits for monetary damages while performing his judicial functions. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991) (per curiam); *Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994); *Pierson v. Ray*, 386 U.S. 547 (1967). Determining whether to credit or how much credit to give to the opinion of an expert witness lies within the scope of Judge Dugger's jurisdiction to sentence lawbreakers. Therefore, Judge Dugger enjoys judicial immunity from Plaintiff's claims for damages in this lawsuit.

All claims asserted in this complaint which relate directly to the fact or duration of Plaintiff's confinement, such as his request to have his conviction expunged from his record, are not cognizable in a § 1983 action and are **DISMISSED without prejudice**. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a claim attacking the duration of a state prisoner's confinement must be raised in a § 2254 petition).

6

Case 3:15-cv-00287-PLR-HBG   Document 9   Filed 09/25/15   Page 6 of 7   PageID #: 52

Because Plaintiff's claims are precluded by *Heck*, the Court will dismiss this case without prejudice for failure to state a claim. *Scheib v. Grand Rapids Sheriff's Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001) (affirming dismissal of *Heck*-barred claims for failure to state a claim upon which relief may be granted). This dismissal will count as a strike under 28 U.S.C. § 1915(g). *See Green v. Cox,* No. 1:08-CV-432, 2008 WL 4136145, at *2 (W.D. Mich. Sept. 3, 2008); *see also Pointer v. Wilkinson*, 502 F.3d 369, 373 n.4 (6th Cir. 2007) (citing to *Sims v. Daughtrey*, No. 06–131, 2006 U.S. Dist. LEXIS 41252, at * 1–2 (N.D.Ind. Mar. 10, 2006) which held that dismissals under the *Heck* rule are strikes "because when the complaint was filed it failed to state a claim upon which relief could be granted").

Additionally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous. *See* Fed. R.App. P.24(a).

**A SEPARATE ORDER WILL ENTER.**

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**